**FILED**
**Lucinda B. Rauback, Acting Clerk**
**United States Bankruptcy Court**
**Brunswick, Georgia**
*By cking at 12:52 pm, Aug 09, 2012*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Statesboro Division

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 CASE |
| | ) | NUMBER <u>11-60817</u> |
| HEYWOOD KYLE GAY | ) | |
| | ) | |
|     Debtor | ) | |
| ——————————————— | ) | |
| | ) | |
| DONALD WALTON | ) | |
| UNITED STATES TRUSTEE | ) | |
| | ) | |
|     Objector | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HEYWOOD KYLE GAY | ) | |
| | ) | |
|     Respondent | ) | |

## <u>OPINION AND ORDER SUSTAINING UNITED STATES TRUSTEE'S OBJECTION TO EXEMPTION</u>

This matter is before me on the United States Trustee's Objection to Exemption, in which the Trustee objects to Debtor Heywood Kyle Gay's asserted exemption of the full cash surrender value of a life insurance policy received from a fraternal benefit society. (ECF No. 23.) The issue is whether the Debtor is entitled to claim an exemption under O.C.G.A. § 33-15-62, a provision of the Georgia Insurance Code[1] that applies to benefits received from fraternal benefit societies, or whether the Debtor

---

[1] O.C.G.A. §§ 33-1-1 to 33-64-8.

AO 72A

is limited to claiming the exemption under Georgia's bankruptcy exemption statute, O.C.G.A. § 44-13-100. Because the Debtor is claiming an exemption in the cash surrender value of a life insurance policy, I find that O.C.G.A. § 44-13-100(a)(9) is the applicable statute, and therefore the Debtor's exemption is limited to $2,000.00.

## FINDINGS OF FACT

The Debtor filed chapter 11 bankruptcy on December 29, 2011. (ECF No. 1.) In his schedules, the Debtor claimed a $48,228.27 exemption in his Woodmen of the World/Modern Woodman Whole Life Insurance policy pursuant to O.C.G.A. § 33-27-7.[2] (Id. at 34.) The Trustee objected to the Debtor's exemption (ECF No., 23), and the Debtor subsequently amended his schedules, changing the exemption statute for the life insurance policy to O.C.G.A. §

---

[2] O.C.G.A. § 33-27-7 states in relevant part,
   (a) [t]he proceeds and avails of any group life insurance policy shall be free from the claims of creditors and representatives of the insured and of the person effecting the same to the same extent and under the same conditions as provided for in the case of other life insurance policies under Code Section 33-25-11.

O.C.G.A. § 33-25-11 states in relevant part,
   (c) [t]he cash surrender values of life insurance policies issued upon the lives of citizens or residents of this state, upon whatever form, shall not in any case be liable to attachment, garnishment, or legal process in favor of any creditor of the person whose life is so insured unless the insurance policy was assigned to or was effected for the benefit of such creditor or unless the purchase, sale, or transfer of the policy is made with the intent to defraud creditors.

2

33-15-62.[3] (ECF No. 36 at 1.) The matter came on for hearing on April 9, 2012, and I requested that the parties submit a stipulation of facts and briefs within thirty days. On May 9, 2012, the Debtor and the U.S. Trustee filed briefs (ECF No. 41, 43) and a stipulation of facts, which stated:

1.

Debtor Heywood Kyle Gay (hereinafter referred to as "Debtor") owns a life insurance policy with Woodmen of the World, which is a fraternal benefit society as defined by O.C.G.A. § 33-15-1.

2.

The policy had a cash value on the date of filing of $48,228.27.

3.

Debtor contends the cash surrender value of the life insurance policy is fully exempt pursuant to O.C.G.A. § 33-15-62.

4.

The UST contends that the exemption is limited to $2,000.00 pursuant to O.C.G.A. § 44-13-100(a)(9).

(ECF No. 42 at 1.)

---

[3] O.C.G.A. § 33-15-62 states,
> [n]o money or other benefit, charity, relief, or aid to be paid, provided, or rendered by any society shall be liable to attachment, garnishment, or other process or to be seized, taken, appropriated, or applied by any legal or equitable process or operation of law to pay any debt or liability of a member or beneficiary, or any other person who may have a right thereunder, either before or after payment by the society.

3

AO 72A

**CONCLUSIONS OF LAW**

Section 522 of the Bankruptcy Code allows debtors to exempt specified property from the bankruptcy estate. 11 U.S.C. § 522. In § 522(b), Congress granted states the opportunity to opt out of the federal exemptions provided in § 522 in favor of state created exemptions. In 1980, the Georgia legislature elected to opt out of the federal exemption scheme and passed O.C.G.A. § 51-1301.1, which is now O.C.G.A. § 44-13-100, to provide exemptions to debtors in bankruptcy.

The parties agree that Woodmen of the World is a fraternal benefit society[4]. (ECF No. 42 at 1.) Therefore, the Debtor's insurance policy with Woodmen of the World is a benefit received from a fraternal benefit society pursuant to O.C.G.A. § 33-15-60(a)(7).[5] In his brief, the Debtor argues that because Georgia's bankruptcy exemption statute does not specifically mention fraternal benefit societies, the exemption amount listed in O.C.G.A. § 44-13-100(a)(9) should only apply to the cash value of insurance policies provided by entities other than fraternal benefit societies. (ECF No. 41 at 2-3.) The Debtor is correct

---

[4] A "fraternal benefit society" is "[a]ny incorporated society, order, or supreme lodge, without capital stock, . . . whether incorporated or not, conducted solely for the benefit of its members and their beneficiaries . . . ." O.C.G.A. § 33-15-1.

[5] According to O.C.G.A. § 33-15-60, a "society" may provide contractual benefits in any form, including "benefits as authorized for life insurers and which are not inconsistent with this chapter." O.C.G.A. § 33-15-60(a)(7).

4

AO 72A

that O.C.G.A. § 44-13-100 does not have a specific provision addressing the exempt status of benefits received from fraternal benefit societies. However, the Debtor is attempting to exempt the cash surrender value of a life insurance policy, which the Georgia bankruptcy exemption statute specifically addresses in O.C.G.A. § 44-13-100(a)(9).

The Georgia bankruptcy exemption statute permits the debtor to exempt "[t]he debtor's aggregate interest, not to exceed $2,000.00 in value . . . in any accrued dividend or interest under, or loan or cash value of, any unmatured life insurance contract owned by the debtor under which the insured is the debtor or an individual of whom the debtor is a dependent." O.C.G.A. § 44-13-100(a)(9). The source providing the life insurance policy is irrelevant. The statute does not distinguish between those policies that were provided by a fraternal benefit society and those that were not. The limit on exemptions applies to the "cash value of **any** unmatured life insurance contract . . . ." Id. (emphasis added).

While no bankruptcy court has addressed an identical factual situation, the Honorable Lamar W. Davis Jr. and the Honorable Susan D. Barrett, Judges in this Court, and the Honorable James D. Walker Jr., United States Bankruptcy Judge for the Middle District of Georgia, have ruled on similar arguments

5

by debtors. See In re Sapp, Case No. 11-30468 (Bankr. S.D. Ga. Jun. 15, 2012) (Barrett, J.); In re Dean, 470 B.R. 643 (Bankr. M.D. Ga. 2012) (Walker, J.); In re Ryan, 2012 WL 423854 (Bankr. S.D. Ga. Jan. 19, 2012) (Davis, J.). The debtors in each case had attempted to claim as exempt the full cash surrender value of a life insurance policy under O.C.G.A. § 33-25-11,[6] which is the provision of the Georgia Insurance Code that provides for the exemption of the cash surrender value of a life insurance policy, generally. Each Judge held that Georgia's bankruptcy exemption statute, O.C.G.A. § 44-13-100, was the governing statute and the debtors' exemptions were limited to $2,000.00.

In Ryan, Judge Davis applied the rules of statutory construction, which dictate that a specific statute will prevail over a general statute, and held that O.C.G.A. § 44-13-100 is the more specific statute. 2012 WL 423854, *2. He found the use of the word "exempt" in the bankruptcy statute and the absence of the term in the insurance provision significant. Id.

In Sapp, Judge Barrett cited Judge Davis's reasoning in Ryan and stated,

> O.C.G.A. § 44-13-100 is a statute drafted specifically for insolvent and bankruptcy estates whereas the Georgia Insurance Code, Title 33, is a broader, more general, statute intended for Georgians who have not filed for

---

[6] See supra n.2.

6

> bankruptcy and therefore O.C.G.A. § 44-13-100 is the applicable exemption statute for parties in bankruptcy.

Case No. 11-30468, at 2 (Bankr. S.D. Ga., Jun. 15, 2012).

Likewise, in Dean, Judge Walker cited Judge Davis's reasoning in Ryan and stated that "Section 44-13-100(a) is a self-contained unit." Dean, 470 B.R. at 646. He explained that "there is no indication the legislature intended bankruptcy debtors to take a piecemeal approach to exemptions by looking beyond § 44-13-100 to topics in the Georgia Code wholly unrelated to bankruptcy for possible exemptions." Id.

In addition, the Honorable James P. Smith, United States Bankruptcy Judge for the Middle District of Georgia, held that O.C.G.A. § 33-28-7,[7] a provision of the Georgia Insurance Code that exempts annuity proceeds, generally, was not applicable in bankruptcy because bankruptcy exemptions are limited to those specifically provided for in O.C.G.A. § 44-13-100. In re Allen, 2010 WL 3958171 (Bankr. M.D. Ga. Oct. 4, 2010) (Smith, J.).

---

[7] O.C.G.A. § 33-28-7 provides,
> [t]he proceeds of annuity, reversionary annuity, or pure endowment contracts issued to citizens or residents of this state, upon whatever form, shall not in any case be liable to attachment, garnishment, or legal process in favor of any creditor of the person who is the beneficiary of such annuity contract unless the annuity contract was assigned to or was effected for the benefit of such creditor or unless the purchase, sale, or transfer of the policy is made with the intent to defraud creditors.

7

AO 72A

Informed by my colleagues' decisions and finding that analogous reasoning applies to the facts before me, I hold that O.C.G.A. § 44-13-100 is the applicable statute, which expressly limits the exemption of cash surrender value of life insurance contracts to $2,000.00 in a bankruptcy case.

## ORDER

Based on the foregoing Findings of Fact and Conclusions of Law, the United States Trustee's Objection to Exemption is **ORDERED SUSTAINED** and the Debtor's exemption in the cash surrender value of the Woodmen of the World life insurance policy is **LIMITED** to the Debtor's aggregate interest, not to exceed $2,000.00, as set forth in O.C.G.A. § 44-13-100(a)(9).

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this ___ day of August, 2012.

AO 72A